UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:04-CV-70-EHJ

SHAWN D. RUDD                                                              PLAINTIFF

v.

JO ANNE BARNHART
Commissioner of Social Security                                           DEFENDANT

## MEMORANDUM OPINION

        This case is before the Court upon review of plaintiff Shawn Rudd's objections to Magistrate

Judge Goebel's Findings of Fact, Conclusions of Law, and Recommendation that his application for

social security disability insurance benefits be denied.  After conducting a de novo review of Mr.

Rudd's specific written objections, the Court accepts the recommendation and the Commissioner's

determination is affirmed.

        Mr. Rudd filed his application for disability benefits on January 17, 2003 alleging that he

became disabled on January 2, 2002 as a result of head, neck and back pain, as well as memory

difficulties (Tr. 66).  The records reflect that Mr. Rudd was 24 years old and working for D&D

Excavation on January 2, 2002 when we was involved in a rear-end motor vehicle collision with a

coal truck.  The application was denied at the initial stage and upon reconsideration.  After a hearing

on October 8, 2003, Administrative Law Judge William Gitlow found that Mr. Rudd suffers from

degenerative disc disease of the cervical and thoracic spine and headaches, impairments that are

severe but do not meet or medically equal listed impairments (Tr. 18).  Though unable to perform

any of his past relevant work, Mr. Rudd was found to retain the physical capacity to perform a

significant range of light work.  Mr. Rudd appealed the adverse decision to the Appeals Council,

which found no basis for reviewing the ALJ's Decision.  Mr. Rudd's appeal to this Court followed.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003) and whether the correct legal standards were applied, Landsaw v. Secretary of HHS, 803 F.2d 211, 213 (6th Cir. 1986).  Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).  So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989).  The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  It is within the parameters of the substantial evidence rule that this Court addresses and rejects each of Mr. Rudd's objections.

Mr. Rudd's primary objection to the magistrate's report is that the overwhelming weight of the evidence is contrary to the residual functional capacity adopted by the ALJ and that the ALJ did not adequately justify the reasons for rejecting the opinions of the treating physician.  (While it is unclear which treating physician is being referenced in Mr. Rudd's objection, this Opinion assumes that he refers to the September 2003 opinions of Dr. Stulc.)

2

Residual functional capacity is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, <u>Howard v. Commissioner</u>, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1) (2004).  Residual functional capacity is what a claimant can do on a sustained, regular, and continuing basis, <u>Cohen v. Secretary of HHS</u>, 964 F.2d 524 (1992).  A claimant bears the burden of proof in establishing his or her residual functional capacity, <u>Her v. Commissioner</u>, 203 F.3d 388, 391-392 (6th Cir. 1999).

The ALJ's Decision outlines the treatment history for Mr. Rudd's condition, and reflects the process by which the ALJ adopted the residual functional capacity findings of Dr. Roderick MacGregor, Mr. Rudd's original treating physician (Tr. 16).  Dr. MacGregor's records reflect that on at least eight different occasions he opined that Mr. Rudd could return to work with lifting limitations of 15 to 25 pounds, no climbing ladders, no squatting or kneeling, no overhead reaching, rare driving, and only occasional bending and twisting.[1]  The residual functional capacity findings made by the ALJ were as follows:

> Therefore, I find the claimant limited to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently.  He should avoid overhead reaching.  He can only occasionally bend or twist.  He should never squat or kneel.  He should not drive.  He should avoid climbing ladders (Exhibit 3F). (Tr. 16)

In adopting the residual functional capacity opinion of treating physician Dr. Bates, the ALJ properly acknowledged the competing findings of Dr. Dennis (a consultative physician) and Dr. Stulc (a treating physician).  Dr. Dennis apparently evaluated Mr. Rudd for both his workers' compensation claim as well as for social security disability, completing both the social security

---

[1]Dr. MacGregor medical records from 01/04/02 (Tr. 193), 01/08/02 (Tr. 190), 01/14/02 (Tr. 189), 01/21/02 (Tr. 185), 02/05/02 (Tr. 181), 02/21/02 (Tr. 176), 03/05/02 (Tr. 175), and 04/02/02 (Tr. 171).

Medical Assessment Form of Ability to Do Work-Related Activities (Physical) and the Kentucky workers' compensation Form 107. The findings of consulting physician Dr. Dennis (Tr. 134-143) would limit Mr. Rudd to lifting less than 10 pounds, standing less than 20 minutes, and sitting less than 20 minutes per day (Tr. 138-139). The ALJ's Decision rejects Dr. Dennis' findings, noting that the clinical examination was inadequate and makes no mention to gait, heel/toe walk, straight leg raise, sensation, or deep tendon flexes, nor does it give specifics on range of motion limitations or atrophy/strength observations (Tr. 16). As he was a consulting physician only, there is no rationale for affording Dr. Dennis' findings the enhanced deference accorded to the opinions of treating physicians, and the ALJ was well-within his discretion in rejecting his functional capacity findings for the above-stated reasons.

Dr. Stulc, (a treating physician) also provided a residual functional capacity opinion (Tr. 257-264) on September 15, 2003 which the ALJ rejected (Tr. 16). Dr. Stulc's findings would limit Mr. Rudd to lifting less than 10 pounds, standing/walking two to four hours, and sitting two to four hours (Tr. 261). The ALJ set forth several reasons for rejecting the residual functional capacity findings of Dr. Stulc, noting that the finding of a positive axial compression sign (an indicator of symptom magnification) was in no way addressed in the assessment (Tr. 16). The ALJ also points out inconsistencies between Dr. Stulc's treatment notes and the assessment regarding deep tendon reflexes loss and grip strength (Tr. 16). When those inconsistent findings are omitted, the only remaining clinical signs are range of motion, tenderness and mild spasm which the ALJ notes are modest findings (Tr. 16).

While an ALJ is not bound by the opinions of a treating physician such as Dr. Stulc, he is required to set forth some basis for rejecting that opinion, Shelman v. Heckler, 821 F.2d 316, 321

4

(6th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician, Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir. 1986).  An ALJ may assign less weight to an opinion if it is not supported by detailed clinical and diagnostic test evidence, Walters v. Commissioner, 127 F.2d 525 (6th Cir. 1997), Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).  Furthermore, while a treating physician's opinion is entitled to great weight, it is not dispositive regarding the ultimate issue of disability, Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Because the ALJ found that Mr. Rudd's subjective complaints of pain were of greater severity than could be shown by the objective medical evidence, the ALJ properly considered other information and factors relevant to his pain allegations (Tr. 14-16).  20 C.F.R. §404.1529c(3); Social Security Ruling 96-7p.  The ALJ noted various conflicts between Mr. Rudd's statements and the medical record accounts regarding loss of consciousness and the results of tests, as well as the inconsistency of his statements regarding the effectiveness of physical therapy (Tr. 15).  Thus, the ALJ's findings regarding credibility and residual functional capacity are supported by substantial evidence of record.

For the foregoing reasons, the Commissioner's Decision to deny benefits is affirmed.  An Order in conformity with this Memorandum Opinion has this day been entered.